UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALISHA ANN-MARIE HYLTON,

                Plaintiff,

         v.

HASTENS BEDS, INC., HASTENS SANGER AB,
JOHN DOE,
                Defendants.
------------------------------------------------------------X

**ORDER**

19-CV-662 (VSB) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter dated October 1, 2019, the plaintiff sought a pre-motion conference asserting that the defendants refused to provide documents relevant to her allegations of unlawful employment discrimination and retaliation. See Docket Entry No. 41. In their October 18, 2019 response to the plaintiff's letter, the defendants asserted that the plaintiff's document request: (a) Nos. 5, 6 and 11 seek "an extremely broad range of information for Hastens' employees who are not similarly situated to plaintiff"; (b) No. 8 "is disproportionate to the needs of the case" because it seeks a list of all background checks completed by Hastens Beds, Inc. between 2010 and 2018, and the plaintiff did not allege that she was subject to discrimination as a result of a background check; (c) No. 9, seeking the laptop the plaintiff used during her employment, is "unreasonable and disproportionate to the needs of the case"; and (d) No. 10, seeking "sales reports, goals and itemized Profit and Loss Statements for each year starting 2010-2017" and "[a] quarterly breakdown of inventory losses, damages and write-off by country and store location for Hastens Beds, Inc. and Hastens Sangar AB Owned Retail stores," for the period 2010-2017, is irrelevant to the discrimination and retaliation claims and not proportional to the needs of the case. Docket Entry No. 43. At the November 11, 2019 pretrial conference, the

Court directed the plaintiff to submit a brief addressing the defendants' objections related to the plaintiff's discovery requests in connection with her allegations of "abnormalities in the company's financial statements and documentation" because "that has nothing to do with discrimination or a protected activity under anti-discrimination statutes." Docket Entry No. 51, page 9. The Court also directed the defendants to respond to the plaintiff's brief.

The plaintiff contends in her brief that the defendants made certain statements in response to her discovery requests. The plaintiff asserts that her "discovery requests are relevant because they show how the defendant's affirmative defenses" and the alleged statements "are a pretext." Docket Entry No. 45. According to the plaintiff, "[s]ince business needs are shown and supported in their finances, it is critical and reasonable for the plaintiff to examine the defendants' financial statements, employee salary [and] reported losses." The plaintiff asserts that the defendants "are required to disclose information that allows for a comparative analysis of 'exceptional' vs 'poor management,'" since the defendants stated that the plaintiff "was terminated due to her poor management style which lead to staff turnover and low morale in the stores that she oversaw."

The defendants contend that the plaintiff's brief was to be limited to the issue of a discovery request for "sales and financial data" but she submitted "a vague, wide-ranging motion to compel discovery, which reaches beyond this financial data," which is the subject of the plaintiff's document request No. 10. Docket Entry No. 49. The defendants contend that the plaintiff: (1) misquoted the defendants' interrogatory responses; (2) failed to show the relevance of the defendants' financial data to her claims; and (3) failed to identify the source of the alleged statement by the defendants that "[t]he termination of the plaintiff [sic] employment was based on a business need," as the defendants do not have a record of making such a statement in any

2

discovery responses. According to the defendants, the plaintiff's "whistleblower" "complaint about financial impropriety" is not protected activity under any anti-discriminatory statutes asserted in this action.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1).

The plaintiff failed to identify her discovery requests and the defendants' responses in which she asserts the defendants made certain statements. The plaintiff also misquoted the defendants' response to her interrogatory No. 8 and failed to identify any discovery response by the defendants in which she asserts they stated that "[t]he termination of the plaintiff [sic] employment was based on a business need." To the extent that the plaintiff seeks to compel responses to her document request Nos. 5, 6 and 11, to which the defendants objected on the basis that they are overly broad, irrelevant and not proportional to the needs of the case because they seek information concerning employees not similarly situated to the plaintiff, who was employed in 2017 as "the Retail Director of North America," the defendants' objections are sustained, and the defendants need not produce information concerning employees who are not similarly situated to the plaintiff. To the extent the plaintiff seeks to compel responses to her document request No. 8, the defendants' objection that the request is irrelevant to this action is sustained and the defendants need not respond to it. To the extent that the plaintiff seeks to compel a response to her document request No. 9, that issue was resolved at the October 22,
3

2019 conference. See Docket Entry No. 51, pages 19-20. The defendants' objections that the plaintiff's document request No.10, seeking the defendants' financial information "for 2010-2017," is irrelevant, overly broad and not proportional to the needs of the case are sustained. The plaintiff's "whistleblower" complaints about financial issues are not protected activity under the anti-discriminatory statutes invoked by the plaintiff in this action.

For the foregoing reasons, the plaintiff's request to compel discovery responses, Docket Entry No. 45, is denied. The Court urges the plaintiff again, as it did at the October 22, 2019 conference, to take advantage of the NYLAG Legal Clinic for Pro Se Litigants located in the courthouse at 40 Centre Street, New York, New York.

Dated: New York, New York
December 3, 2019

Copy mailed to:

Alisha Ann-Marie Hylton

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4