UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALISHA ANN-MARIE HYLTON,

              Plaintiff,

    v.

**ORDER**

HASTENS BEDS, INC., HASTENS SANGER AB,
JOHN DOE,

19-CV-662 (VSB) (KNF)

              Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff, proceeding pro se, filed a document styled "Motion for an Order Compelling Discovery," seeking an order compelling the defendants to respond to the "Plaintiff's Second Requests for Admissions and Plaintiff's Second Request for Production of Documents served on November 26, 2019." Docket Entry No. 58. The defendants responded by a letter, contending that: (a) the plaintiff failed to comply with Local Civil Rule 37.2 of this court; (b) the motion "is untimely as it was filed on the last day for discovery"; (c) the "Plaintiff's Second Requests for Admissions" are untimely because they were served after September 25, 2019, the deadline to submit requests for admissions, as set forth in the June 27, 2019 scheduling order; and (d) the "Plaintiff's Second Request for Production of Documents" is untimely because it was not initiated so as to be completed on or before the discovery deadline, December 20, 2019, due to the required thirty-day response period. Docket Entry No. 59.

      The defendants asserted attorney-client privilege and work-product protection in their August 23, 2019 amended response to the plaintiff's first request for production of documents, without producing a privilege log. See Docket Entry No. 41. At the October 22, 2019 conference, the Court directed, inter alia, that the defendants serve their privilege log on the

1

plaintiff. See Docket Entry No. 47. On December 2, 2019, the plaintiff: (i) informed the Court that "the defendants untimely sent the privilege log on November 27, 2019, less than a week before the deadline of fact discovery along with their refusal to comply with the Plaintiff discovery request"; (ii) informed the Court that, "[o]n November 16, 2019, the plaintiff received by mail documents respon[sive] to the Plaintiff['s] June 2019 'request for the production of documents,'" and "[w]ithin 10 days" the plaintiff served her "2nd request for Admission" and the "Plaintiff's second request for the production of documents"; and (iii) requested an extension of the discovery deadline from December 6, 2019, to December 26, 2019. Docket Entry No. 53. The Court granted the plaintiff's request for an extension of the discovery deadline, directing that "[a]ll discovery, of whatever nature, shall be initiated so as to be completed on or before December 20, 2019." Docket Entry No. 55.

Having failed to: (1) produce the privilege log with their August 23, 2019 amended response to the plaintiff's first request for production of documents; (2) comply within a reasonable time with the Court's October 22, 2019 order to produce the privilege log to the plaintiff; and (3) provide any explanation for their failure to produce and their delay in producing the privilege log to the plaintiff, the defendants are hard pressed to make convincing arguments based on untimeliness with respect to the plaintiff's second requests for admissions and second request for the production of documents.

On or before January 9, 2020, the defendants shall respond to the plaintiff's second requests for admissions and second request for production of documents. On or before January 23, 2020, the parties shall meet and confer in a meaningful way about any issues that may arise in connection with the defendants' responses to the plaintiff's second requests for admissions and second request for production of documents. The parties are urged strongly to use their best

2

efforts to attempt to resolve any issue(s) that may arise in connection with the defendants' responses without the Court's intervention. If, after a meaningful meet-and-confer, the parties are unable to resolve any issue(s) that may arise in connection with the defendants' responses, on or before January 30, 2020, the parties shall file a joint letter, no longer than two double-spaced pages without footnotes, identifying concisely and briefly: (1) the unresolved issue(s); (2) each party's proposal for the resolution of the issue(s); and (3) the reason(s) for rejecting the proposed resolution of the issue(s) supported by legal authority(ies). No further extension of time to complete discovery will be granted absent a showing of exceptional circumstance. The plaintiff shall be mindful of and comply with the procedural and substantive requirements of the Local Civil Rules of this court, as well as the Federal Rules of Civil Procedure in the future, including rules governing making and responding to motions. The Court has urged the plaintiff twice previously and urges the plaintiff again, to take advantage of the NYLAG Legal Clinic for Pro Se Litigants located in the courthouse at 40 Centre Street, New York, New York. This order resolves Docket Entry No. 58.

Dated: New York, New York
January 2, 2020

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to
Alisha Ann-Marie Hylton

3