```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALISHA ANN-MARIE HYLTON,                                    :
                                                            :
                              Plaintiff,                    :
                                                            :        19-CV-662 (VSB)
            - against -                                     :
                                                            :        OPINION & ORDER
                                                            :
                                                            :
HASTEN BEDS, INC., et al.,                                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Alisha Ann-Marie Hylton
*Pro Se Plaintiff*

Todd R. Shinaman
Nixon Peabody LLP
Rochester, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On January 23, 2019, Pro Se Plaintiff Alisha Ann-Marie Hylton ("Plaintiff" or "Hylton") commenced this action against Defendants Hästens Beds, Inc. and Hästens Sänger AB (together, "Defendants" or "Hästens"). (Doc. 2.) Before me are Plaintiff's motion to strike all of Defendants' affirmative defenses, (Doc. 30), and Plaintiff's appeal of two discovery-related decisions of Magistrate Judge Kevin Nathaniel Fox, (Doc. 70). Because Plaintiff has not shown that Defendants' affirmative defenses are legally insufficient or that Plaintiff would be prejudiced by their inclusion, Plaintiff's motion to strike is DENIED. Because Magistrate Judge Fox's discovery orders are neither clearly erroneous nor contrary to law, Plaintiff's appeals are also DENIED.

I.  **<u>Factual Background and Procedural History</u>**[1]

This is a pro se civil rights and employment discrimination action.  Plaintiff Hylton is an African-American woman who was born in Jamaica.  (Doc. 2, ("Compl." or "Complaint") at III.A.)[2]  Plaintiff worked for Defendant Hästens, where she managed retail sales and operations in the United States and reported to the Vice President of Global Sales.  (*Id.* ¶ 1.)  Plaintiff was "the only black manager at that level globally," (*id.* ¶ 3), and was paid less than men who had previously held the same role, (*id.* ¶ 4).  Plaintiff had an agreement with Hästens that her responsibilities would be expanded to include the European market, (*id.* ¶ 1), but Hästens promoted a white employee, identified in the Complaint as "Ana M." or "Ana," to the role of Global Director of Retail for the European Union and North America instead of Plaintiff, (*id.* ¶ 2).  Ana M. was less experienced, less qualified, and had been given easier performance goals than Plaintiff.  (*Id.* ¶¶ 2, 3.)

Various Hästens employees also made discriminatory remarks towards Plaintiff.  First, Global Sales Driver Johan Lindbäck "made derogatory comments about Jamaican music and culture on looking at an image of Bob Marley in a group discussion" where the CEO and a Board Member were present.  (*Id.* ¶ 6.)  In particular, Lindbäck, while "staring" at Plaintiff, "described Jamaican[] music and culture as lazy & definitely not Hastens."  (*Id.*)  Second, Vice President of Global Sales Joachim Vieglins asked Plaintiff "to become 'Un-Jamaican'" at a performance evaluation, and "threaten[ed] to tell Jan Ryde, the owner of the company, that '[Plaintiff] was unwilling to grow & remove limiting belief patterns'" when Plaintiff questioned Vieglins's

---

[1] The facts in Section I are recited for background only, and are not intended to and should not be viewed as findings of fact.

[2] "Compl." refers to the Employment Discrimination Complaint form filed by Plaintiff on January 23, 2019 ("Complaint").  (Doc. 2.)  This citation is to a heading in the Complaint.  Unless otherwise indicated, citations to the Complaint are to the paragraph numbers in the factual allegations that appear on ECF pages 8–9.

2

feedback.  (*Id.* ¶ 7.)  There were also two incidents in which Lindbäck referred to Plaintiff as a "bitch," including once while introducing Plaintiff to "a high level client."  (*Id.* ¶¶ 9, 10.)

Ultimately, Plaintiff engaged in "whistleblowing" about systemic problems at Hästens, causing Hästens to terminate her employment in retaliation.  (*Id.* ¶¶ 14, 16, 17.)  Specifically, Plaintiff complained to her supervisor Vieglins and Human Resources that employees of color were being "subjected to longer waiting periods for health benefits" and were denied access to enroll in the 401(k) program.  (*Id.* ¶ 12.)  Vieglins also asked Plaintiff "to cease questioning Caucasian managers and the accountant about revenue, duplicate invoices, payment processing, operations and performance."  (*Id.* ¶ 13.)  Finally, when Plaintiff asked for assistance rectifying a double paycheck, her employment was terminated the same week.  (*Id.* ¶¶ 14, 15.)

On June 10, 2019, Defendants filed an answer asserting 24 affirmative defenses.  (Doc. 16, ("Answer").)  On July 1, 2019, Plaintiff filed a letter requesting "to strike affirmative defenses #1 through #8 and affirmative defenses #13 through #24."  (Doc. 24.)  I directed Plaintiff to file a motion to strike, along with a memorandum of law in support of the motion.  (Doc. 25.)  Plaintiff did so on August 9, 2019, moving to strike all 24 affirmative defenses.  (Doc. 30; *see also* Doc. 34-1 (version containing a page apparently erroneously missing from Doc. 30) ("Mot. to Strike").)  Defendants filed an opposition on September 5, 2019.  (Doc. 34 ("Defs.' Mot. to Strike Opp.").)  Plaintiff filed a reply on September 25, 2019.  (Doc. 39 ("Pl.'s Mot. to Strike Reply").)

Following an initial pretrial conference on June 27, 2019, the parties entered the discovery period.  (*See generally* Doc. 23.)  I referred the case to Magistrate Judge Fox for general pretrial (including scheduling, discovery, non-dispositive pretrial motions, settlement).  (Doc. 29.)  On March 5, 2020, Plaintiff filed a motion and memorandum in support, (Doc. 70

("Disc. Orders Appeal")), to appeal two of Judge Fox's discovery-related orders, (Doc. 54 ("December 4, 2019 Order"); Doc. 66 ("February 3, 2020 Order")). On March 31, 2020, Defendants filed an opposition. (Doc. 73 ("Defs.' Disc. Orders Appeal Opp.").) On April 9, 2020, Plaintiff filed a reply. (Doc. 74 ("Pl.'s Disc. Orders Appeal Reply").)

## II. Discussion

### A. *Motion to Strike*

#### 1. Legal Standard

"Motions to strike affirmative defenses are generally disfavored." *Gansert v. Miello*, No. 18-CV-2710 (PAE), 2019 WL 13414316, at *2 (S.D.N.Y. May 1, 2019) (internal quotation marks omitted). Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To succeed on a motion to strike an affirmative defense, Plaintiff must "show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). The Second Circuit has held that the *Twombly* requirement, that pleadings include enough facts to state a claim that is plausible on its face, also "applies to the pleading of affirmative defenses, albeit in a 'context-specific' way." *New London Assocs., LLC v. Kinetic Soc. LLC*, No. 18-CV-7963 (DLC), 2019 WL 2918163, at *1 (S.D.N.Y. July 8, 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), then quoting *GEOMC*, 918 F.3d at 98). The Circuit explained that an affirmative defense does not need to be "pleaded with the same degree of factual detail as a complaint" since "unlike a complaint, an answer is not a pleading to which a response is

required." *Id.* A "relaxed application of the plausibility standard" is warranted for affirmative defenses because "without the benefit of discovery, the facts needed to plead certain affirmative defenses 'may not be readily known to the defendant.'" *Id.* (quoting *GEOMC*, 918 F.3d at 98.)[3]

### 2. Application

I find that Defendants' affirmative defenses are sufficiently pleaded.[4] Plaintiff argues that I should strike all 24 affirmative defenses because they are "[i]nsufficient due to their lack [of] factual details . . . which make them deficient as a matter of law," and they "[f]ail to state specific claims, and/or fail. [sic] to state the count or counts to which each individual defense is intended to apply." (Mot. to Strike 1–2.) To the extent that Defendants' affirmative defenses lack factual detail, that is because additional factual detail needed to be developed through the discovery process. (*See, e.g.*, Defs.' Mot. to Strike Opp. 4–14 (explaining that discovery was needed).) Further, Defendants are not required to "state the count or counts to which each individual defense is intended to apply." (Mot. to Strike 1–2.) Plaintiff has not cited to case law to the contrary.

Plaintiff is required to show that "there is no question of fact [or] . . . law which might allow the defense to succeed." *GEOMC*, 918 F.3d at 96. Plaintiff fails to do so. Ultimately, "within the context of this litigation, each of the affirmative defenses that [Defendants] seek[] to

---

[3] Plaintiff cites *Tucker Firm, LLC v. Alise*, No. 11-CV-1089, 2012 WL 252790, at *6 (N.D. Ill. Jan. 25, 2012) to argue, among other things, that "the defendant must set out facts in support that would defeat the complaint sufficient to withstand a Rule 12(b)(6) challenge." (Mot. to Strike 2.) Plaintiff misconstrues *Tucker Firm*. The court in *Tucker Firm* actually says that "a defense will be stricken as legally insufficient if the defendants cannot prove a set of facts in support of the affirmative defense that would defeat the complaint." *Tucker Firm*, 2012 WL 252790, at *6. Regardless, *Tucker Firm* was decided in the Northern District of Illinois, and is not controlling law here in the Southern District of New York.

[4] Defendants have since withdrawn their Fifteenth Affirmative Defense as duplicative of their Seventh Affirmative Defense, (Defs.' Mot. to Strike Opp. 7 n.4), and withdrawn their Twenty-Fourth Affirmative Defense because "it appears that [Plaintiff] is not alleging a claim for intentional or negligent infliction of emotional distress," (Defs.' Mot. to Strike Opp. 4 n.2).

assert are plausibly pleaded" and give Plaintiff "a sufficient factual basis to understand the nature of [Defendants'] proposed affirmative defenses." *New London Assocs.*, 2019 WL 2918163, at *2.

Moreover, Plaintiff cannot demonstrate that she would be prejudiced by the inclusion of any of Defendants' affirmative defenses. Although courts have found that "increased time and expense of trial may constitute sufficient prejudice to warrant granting a motion to strike," "mere assertions" such as those advanced by Plaintiff here "are insufficient." *Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (cleaned up). "[A]bsent a showing of prejudice, the motion to strike must be denied." *Id*. The affirmative defenses were not presented "at a late stage in the litigation," *GEOMC*, 918 F.3d at 99, and Plaintiff had sufficient time to investigate the affirmative defenses through discovery, *see New London Assocs.*, 2019 WL 2918163, at *2. Accordingly, Plaintiff's motion to strike is DENIED.

### B. *Appeal of Discovery Orders*

#### 1. Legal Standard

A magistrate judge's discovery orders are generally considered "nondispositive" of the litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Accordingly, a district court must affirm such orders unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014) ("Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law."). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been

committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal quotation marks omitted).  This standard of review is "highly deferential," *see id.* at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," *see MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12-CV-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citation omitted). Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 512, and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order], and indeed may not be deemed objections at all," *Khatabi v. Bonur*a, No. 10-CV-1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (internal quotation marks omitted) (collecting cases); *see also Creighton v. City of New York*, No. 12-CV-7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on nondispositive matters, such discretion should rarely be exercised in this context, because the district court functionally operates as an appellate tribunal under Rule 72(a)." (internal quotation marks omitted)).

### 2. Application

As an initial matter, Defendants argue that Plaintiff's appeal should be dismissed as untimely under Federal Rule of Civil Procedure 72, which provides,

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [a] party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.

Fed. R. Civ. P. 72(a).  Although Defendants argue that Plaintiff's appeal is untimely based on the fourteen-day deadline, because the orders were mailed to Plaintiff, *see* (December 4, 2019 Order

7

4 (indicating that a copy was mailed to Plaintiff); February 3, 2020 Order 2 (same)), Plaintiff was afforded an additional three days, or a total of seventeen days, from the date of the mailing to serve and file written objections. *See* Federal Rule of Civil Procedure 6(d) (allowing three additional days when service is made by mail). Thus, Plaintiff was required to serve and file her objections to the December 4, 2019 Order on or before December 23, 2019, and her objections to the February 3, 2020 Order on or before February 20, 2020.[5] Neither order advised Plaintiff that failure to serve and file objections in the district court within seventeen days after being served would preclude appellate review pursuant to Federal Rules of Civil Procedure 72(a) and 6(d). Regardless, at a post-discovery conference before me on February 6, 2020, Plaintiff advised that she wished to appeal two discovery orders, which I understood to be the December 4, 2019 Order and a different discovery order issued on January 2, 2020. (Doc. 71, ("Post-Disc. Conf. Tr.") 2:22–3:13; 4:13–19.) Instead, Plaintiff ultimately appealed the December 4, 2019 Order and the February 3, 2020 Order. (Disc. Orders Appeal 1.)[6] At the conference, Defendants objected to Plaintiff's request as untimely. (*Id.* 3:18–4:16.) Without "affirmatively addressing the timeliness issue," I set a schedule for Plaintiff's motion, (Post-Disc. Conf. Tr. 5:3–13; 9:22–11:15), and Plaintiff abided by the deadlines I set, (*see generally* Disc. Orders Appeal).

It is true that "a pro se litigant who fails to object timely to a magistrate's order on a non-

---

[5] If the last day of a prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[6] Defendants appear to argue that because Plaintiff misstated which order she wanted to appeal at the post-discovery conference, she should be precluded from appealing both orders. (Disc. Orders Appeal Opp. 1.) The transcript reflects the following:

> THE COURT: This is what I would suggest. I guess it looked like there is a December 4th decision and then there is a January 2nd decision and so, Ms. Hylton, are you looking to appeal the December decision or are you looking to appeal both the December and January decision?
>
> MS. HYLTON: Both the December and the January decision.

Post-Disc. Conf. Tr. 4:13-19. It appears that Plaintiff misspoke in response to my leading question.

dispositive matter waives the right to appellate review of that order." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008). However, the Second Circuit also recognizes that "because the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). Regardless of when Plaintiff was ultimately served with a copy, her objections to the February 3, 2020 Order were not untimely because they were filed on March 5, 2020, in compliance with the deadline I set at the post-discovery conference on February 6, 2020, which occurred prior to any potential seventeen day deadline. *See* Fed. R. Civ. P. 6(b)(1) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time. . . ."). With regard to the December 4, 2019 Order, in the "interests of justice," *Spence*, 219 F.3d at 174, I will excuse the default and consider Plaintiff's objections on the merits.

Nevertheless, Plaintiff has not met the "heavy burden" of showing that Magistrate Judge Fox's orders are "clearly erroneous or contrary to law." *Khatabi*, 2017 WL 10621191, at *3. Plaintiff chiefly seeks to compel production of Plaintiff's Document Request No. 9, which seeks the "[l]aptop used by Plaintiff Alisha Hylton during the tenure of employment with access to all its contents, emails and files." (Disc. Orders Appeal 2; *see also generally* Pl.'s Disc. Orders Appeal Reply.) Plaintiff argues that Defendants' "failure to produce the laptop . . . violates the Fed. R. Civ. P. 26 and 37(e)" and "should be viewed as spoilation." (*Id.*) Although Plaintiff frames her argument as an appeal of Judge Fox's "denial of the motion to compel discovery," Plaintiff never raised the spoilation issue before Judge Fox. (*See, e.g.*, Pl.'s Disc. Orders Appeal Reply 1–2 ("On December 2019, Judge Fox was unaware of the defendant's destruction of evidence from the laptop. . . . As such, Judge Fox ruling [sic] to deny the plaintiff's 'Motion to

compel' did not count this critical information.").) I am "preclude[d] . . . from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 512.[7]

I review the other challenged sections of Judge Fox's discovery orders for clear error and find none. Among other things, Plaintiff seeks salary information for sales managers/directors, country managers, and regional managers employed at Hästens from 2010 to 2017, (*see* Disc. Orders Appeal 3); however, Judge Fox decided that this request was overbroad because the requested employees were not "similarly situated to the plaintiff, who was employed in 2017 as 'the Retail Director of North America,'" (December 4, 2019 Order 3). Plaintiff also sought documents related to "any female employee who drew a comparison between herself and one or more of her male colleagues," (Doc. 65-2, at 2, 7; *see also* Disc. Orders Appeal 4 (referring to these document requests)); however, Judge Fox sustained an objection that these requests were impermissibly vague, (February 3, 2020 Order 1–2). Plaintiff seeks organizational charts, (*see* Disc. Orders Appeal 4 (referring to this document request)); however, Judge Fox found that Defendants had already produced them. (February 3, 2020 Order 1.) Plaintiff seeks company financial documents from 2010 to 2017, (*see* Disc. Orders Appeal 5); however, Judge Fox found the request was "irrelevant, overly broad and not proportional to the needs of the case," (December 4, 2019 Order 4). None of these decisions are clearly erroneous or contrary to law, so I must affirm them.

Neither Judge Fox's December 4, 2019 Order nor his February 3, 2020 Order addressed the remaining issues in Plaintiff's appeal. (Disc. Orders Appeal 5; *see also* Defs.' Disc. Orders

---

[7] Moreover, it appears that Judge Fox did not actually deny Plaintiff's motion to compel this production, but instead said, "To the extent that the plaintiff seeks to compel a response to her document request No. 9, that issue was resolved at the October 22, 2019 conference." (December 4, 2019 Order 3–4.)

Appeal Opp. 7.)  Therefore, I cannot review those issues.  *Khatabi*, 2017 WL 10621191, at *5 ("New arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order]." (citation omitted) (collecting cases)).

Accordingly, Plaintiff's appeal of Judge Fox's discovery orders is DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike and motion to appeal Judge Fox's December 4, 2019 Order and his February 3, 2020 Order are DENIED.  The Clerk of Court is respectfully directed to terminate any open gavels and mail a copy of this order to pro se Plaintiff.

SO ORDERED.

Dated: April 9, 2024
      New York, New York

    Vernon S. Broderick
    United States District Judge