UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                      :

ALISHA ANN-MARIE HYLTON,          :
                                        :

                   Plaintiff,   :
                                         :                    19-CV-662 (VSB)

        - against -          :
                                         :              **OPINION & ORDER**

HÄSTENS BEDS, INC., *et al.*,      :
                                         :

               Defendants.  :
                                         :
-----------------------------------------------------------X

Appearances:

Alisha Ann-Marie Hylton
Brooklyn, NY
*Pro se Plaintiff*

Todd R. Shinaman
Nixon Peabody LLP
Victor, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of pro se Plaintiff's motion to vacate the judgment filed on July 17, 2025.

(Doc. 83.)  Because Plaintiff fails to identify any grounds that warrant vacatur of my prior

dismissal order, (Doc. 82), her motion to vacate is DENIED.[1]

    **I.**       **Procedural Background**[2]

      On April 29, 2024, Plaintiff filed a letter motion for reconsideration of my April 9, 2024

---

[1] On March 9, 2021, Plaintiff consented to receiving electronic service by the ECF system.  (Doc. 75.)

[2] For the purposes of this Opinion & Order, I assume familiarity with the background of this case as described in my prior Opinion & Order, (Doc. 76).

Opinion & Order.  (Doc. 78.)  Defendants Hästens Beds, Inc. and Hästens Sänger AB (collectively, "Defendants") filed their opposition on May 13, 2024.  (Doc. 79.)  On May 15, 2024, Plaintiff requested (1) "an extension of the deadline for [the] Motion for Reconsideration" and (2) "for the right to appeal."  (Doc. 80.)  In requesting an extension, Plaintiff claimed that "despite [her] best efforts to manage [her] affairs remotely, [she] encountered difficulties in accessing necessary documents, information[,] and resources to complete the required submission in a timely manner."  (*Id.*)  Almost one year later, on April 8, 2025, I issued an order directing Plaintiff to file a reply brief in support of her letter-motion for reconsideration by April 22, 2025.  (Doc. 81.)  In my April 8 order, I noted that if Plaintiff failed to file the reply by that date, I would consider her letter-motion for reconsideration without the benefit of her reply brief and cautioned that if Plaintiff failed to file a reply by this deadline, that "I may dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (*Id.* at 1–2.)  I also noted that "Plaintiff has not otherwise indicated for almost a year, either to this Court or to Magistrate Judge Jennifer E. Willis, an intent to prosecute this litigation."  (*Id.* at 2 n.2.)  Plaintiff failed to file a reply brief by the deadline, and on April 24, 2025, I issued an order dismissing this action for failure to prosecute.  (Doc. 82 (the "Dismissal Order").)

Approximately three months later, on July 17, 2025, Plaintiff moved for relief from the Dismissal Order under Federal Rule of Civil Procedure 60(b).  (Doc. 83 ("Mot.").)  On July 31, 2025, Defendants filed their opposition.  (Doc. 85 ("Opp.").)  On August 6, 2025, Plaintiff filed her reply.  (Doc. 86 ("Reply").)

## II.    <u>Legal Standard</u>

"Where an action is dismissed for want of prosecution pursuant to Rule 41(b), Rule 60(b) allows it to be reopened under certain, enumerated circumstances."  *Cobos v. Adelphi Univ.*, 179

F.R.D. 381, 385 (E.D.N.Y. 1998) (citing *Link v. Wabash*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 60(b)).  Rule 60(b) identifies six possible reasons why the court may relieve a party from "a final judgment, order, or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Rule 60(b) must "be broadly construed to do substantial justice, while respecting that final judgments should not be lightly reopened."  *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017) (internal quotation marks omitted).  The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  Thus, "[a] motion for relief from judgment is generally not favored."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in support of the motion be "highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result."  *Scott v. Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).  Moreover, "[a] motion seeking such relief is addressed to the sound discretion of the district court," *Nemaizer*, 793 F.2d at 61, and a Rule 60(b) motion may

3

not be employed to relitigate the merits of a case, *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022).

As Plaintiff is pro se, I construe her briefings "liberally and [] interpret them to raise the strongest arguments they suggest." *Bautista v. TAP Air Portugal*, No. 24-CV-00503, 2025 WL 1224799, at *2 (S.D.N.Y. Apr. 28, 2025) (internal quotation marks omitted).  However, "the heavy burden for securing relief from final judgments applies to pro se litigants as well as to those who are represented by counsel." *Broadway v. City of New York*, No. 96-CV-2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003); *see also Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.") (quoting *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (alteration in original)).

## III.    <u>Discussion</u>

Plaintiff seeks relief under Rule 60(b) on two grounds:  (1) mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); or (2) any other reason that justifies relief, Fed. R. Civ. P 60(b)(6).[3]

### A.    *Applicable Law*

#### 1.   **Rule 60(b)(1)**

"Rule 60(b)(1) permits relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Lawtone-Bowles v. Brown*, No. 21-1242-CV, 2022 WL 839280, at *1 (2d Cir. Mar. 22, 2022) (summary order) (quoting Fed. R. Civ. P. 60(b)(1)).  In deciding Rule

---

[3] The remaining provisions of Rule 60(b), which permit post-judgment relief on the grounds of newly discovered evidence, fraud or misconduct by an opposing party, or a judgment that is void or has been satisfied, released, or discharged, are inapplicable in this matter.  *See* Fed. R. Civ. P. 60(b)(2)–(5).

60(b)(1) motions, district courts consider: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *McGowan v. Stanley*, No. 22-CV-06971, 2024 WL 1116310, at *2 (S.D.N.Y. Mar. 13, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("*Pioneer*")). "The Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is the reason for the delay." *Bautista*, 2025 WL 1224799, at *3 (quoting *Suazo v. Bryant Props. 769 LLC*, No. 21-CV-02996, 2024 WL 967226, at *3 (S.D.N.Y. Mar. 5, 2024)); *see, e.g.*, *Watts-Devine v. United States*, 616 F. App'x 9, 11 (2d Cir. 2015) (summary order) (noting that the reasons for delay, the third factor, predominates in a motion to vacate under Rule 60(b)(1)). Although "[a] party's *pro se* status is relevant" in the assessment, "it does not by itself excuse a litigant from complying with procedural rules." *Myers v. New York City Hum. Rts. Comm'n*, No. 04-CV-00543, 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006).

Reliance on Rule 60(b)(1) is foreclosed by Rule 60(c)(1), which provides that any motion under Subsection (b)(1) "must be made . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "This one-year limitations period is absolute, even when the party seeking relief is pro se." *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) (internal quotation marks omitted).

### 2. Rule 60(b)(6)

"Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."

5

*Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (internal quotation marks omitted). In other words, Rule 60(b)(6) is a catchall provision, that permits "courts to vacate judgments whenever necessary to accomplish justice." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).  Moreover, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Although Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted), "that reservoir is not bottomless," *Stevens*, 676 F.3d at 67.  Thus, "relief under Rule 60(b)(6) is only available in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  In determining whether extraordinary circumstances exist, a court may consider a wide range of factors, including, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864; *see also Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) ("[T]he rule should be liberally construed when substantial justice will thus be served.").  Generally, the Second Circuit requires that a movant: (1) support its motion with highly convincing evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties. *Kotlicky*, 817 F.2d at 9; *see also Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, No. 07-CV-3141, 2009 WL 3154317, at *2 (S.D.N.Y. Sept. 30, 2009); *Broadway*, 2003 WL 21209635, at *3.

### B.   *Application*

#### 1.  Rule 60(b)(1)

##### a.  <u>Reason for delay</u>

I begin by examining the reason for Plaintiff's delay in filing this motion and her delays in prosecuting this case before considering the remaining of the factors outlined in *Pioneer*. *See William v. City of New York*, 727 F. App'x 30, 32 (2d Cir. 2018) (finding that district court abused its discretion by not discussing *Pioneer* factors in resolving the Rule 60(b)(1) motion).

Plaintiff asserts the following reasons for her delays:  (1) "[a]t the time of the dismissal order," she had "intermittent internet access" while working remotely in Greece; (2) her electronic case file ("ECF") notifications were filtered to a spam folder that she could not access remotely; and (3) that once she traveled outside of Greece and learned of the dismissal, she "acted with diligence" to file this motion within two weeks of discovery of the Dismissal Order. (Mot. at 1–2.)  As an initial matter, Plaintiff is responsible for keeping appraised of the activity in her case, and she knew about that responsibility.  (*See* Doc. 75 (Plaintiff consenting to ECF filing notifications and confirming she had regular access to her e-mail account and internet).)

Defendants argue that Plaintiff fails to explain why she was not aware of my April 8, 2025 order, (Doc. 81), cautioning her that if she failed to submit a reply brief by April 22, 2025 that I "may dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (Opp. at 5.)  Indeed, Plaintiff does not even proffer a reason for why she did not indicate her intention to prosecute this case for almost a year—between May 15, 2024, the date on which Plaintiff requested an extension for her initial reply, and April 24, 2025, when I dismissed Plaintiff's case for failure to prosecute, (Dismissal Order at 1–2).

Even if I was to construe Plaintiff's international travel and internet issues to encompass

7

the entire one-year period, rather than just at the time of the Dismissal Order, her explanation does not justify her delays in prosecuting her case and filing her motion to vacate. Plaintiff consented to receiving filings through the ECF system in 2021, and she (1) affirmed that she understood that once she registered for electronic service, she would "no longer receive paper copies of case filings," (2) confirmed she had "regular access to [her] e-mail account and to the internet," and (3) was warned that she "must regularly review the docket sheet of [her] case so that [she does] not miss a filing."[4] (Doc. 75.) In other words, it was Plaintiff's responsibility to ensure that she had consistent, regular access to her email account and the internet so that she could review the filings and docket sheet in her case.

"[The Second] Circuit focuses closely on . . . the reason for the delay, including whether it was within the reasonable control of the movant." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013). "[D]elay attributable solely to a defendant's failure to act with diligence cannot be characterized as excusable neglect." *Id.* at 84 (internal quotation marks omitted). The record clearly establishes that Plaintiff failed to act diligently.

Moreover, Plaintiff was already on notice well before the April 24, 2025 Dismissal Order that her international travel to Greece frustrated her efforts to prosecute the case. On May 15, 2024, she filed a letter requesting an extension to file a reply brief in support of her letter motion for reconsideration, because her travel to Greece made it difficult to "access[] necessary documents, information and resources to complete the required submission in a timely matter." (Doc. 80 at 2.) Despite missing a previous court deadline in this matter purportedly because of

---

[4] According to data from the World Bank Group, 86 percent of individuals used the internet in Greece as of 2024, a number that would presumably be higher in Athens, its capital city and the largest city in the country. *See Individuals using the Internet (% of population)*, World Bank Group, https://perma.cc/VK2W-NLHD. Therefore, it defies logic that Plaintiff had so little internet access for one year that she could not even check her case docket or receive ECF notification.

8

international travel, Plaintiff failed to take steps to address the alleged problems she was having with the internet or inform Defendants, me, or Magistrate Judge Willis that she was unable to receive proper case updates.  *See Pozo v. City of New York*, No. 11-CV-2565, 2013 WL 4046301, at *1 (S.D.N.Y. Aug. 7, 2013) ("Lack of access to legal materials does not excuse Plaintiff's failure to appear for a deposition or to notify the Court of his change of address. Additionally, Plaintiff offers no explanation for why he did not inform the Court or Defendants' counsel about his alleged inability to access legal materials prior to the July 25, 2013, filing of this Rule 60(b) motion. Accordingly, the Court finds no proper basis to conclude that Plaintiff's failure to pursue this action was excusable."); *see also Hall v. Wells Fargo Bank N.A.*, No. 12-CV-7214, 2014 WL 1327955, at *1–3 (S.D.N.Y. Apr. 3, 2014) (holding that pro se Plaintiffs could not set aside a dismissal order based on their failure to prosecute after Plaintiffs were warned to "regularly review the docket sheet of the case" but failed to respond to Court orders).

"When a party's negligence approaches willfulness, it is unlikely to be excused." *Bautista*, 2025 WL 1224799, at *5 (internal quotation marks omitted).  Here, the record reflects that Plaintiff actively consented to receive ECF notifications, (Doc. 75), affirmed that she had internet access and would regularly monitor the docket, *id.*, and, assuming without finding that her claims related to her inability to access the ECF system are accurate, knew that her travels to Greece frustrated her efforts to prosecute her case, (Doc. 80).  Yet Plaintiff failed to ensure that she could access the ECF system during her travels or let anyone involved in her case know about these issues—and she did not file a reply brief in support of her motion for reconsideration for approximately one year.  She also failed to abide by my warning order, which clearly started that Plaintiff must file her reply by April 22, 2025 or the case might be dismissed due to Plaintiff's failure to prosecute, (Doc. 81).  *See Rosa v. Dovenmuehle Mortg. Inc.*, 96 F. App'x

32, 34 (2d Cir. 2004) (summary order) ("[T]his Court has held that failure to follow the clear and unambiguous language contained in a district court order will generally not constitute such excusable neglect."); *see also Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (pro se plaintiff's neglect not excusable where she was "given clear warnings that failure to comply with discovery orders would result in the dismissal of her case"). Even after my Dismissal Order, Plaintiff still only filed her motion to vacate the judgment almost three months later. (Mot.) Plaintiff simply contends that the "notices were delivered into [her] spam and [she] did not see the messages." (Reply at 3.)

In sum, Plaintiff's proffered reasons for her delay do not qualify as a mistake, inadvertence, surprise, or excusable neglect sufficient to warrant relief from the judgment.

### b. Prejudice to the Non-moving Party

Next, I consider the level of prejudice that Defendants may suffer if I were to vacate my dismissal of the case. The Second Circuit has cautioned that "delay alone is not a sufficient basis for establishing prejudice" and that "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Canini v. U.S. Dep't of Just. Fed. Bureau of Prisons*, No. 04-CV-9049, 2008 WL 818696, at *4 (S.D.N.Y. Mar. 26, 2008) (internal quotation marks omitted). "The risk of prejudice to the nonmoving party is greatest where the moving party has allowed so much time to elapse that it would be difficult to conduct discovery or otherwise proceed with the case." *Green*, 2009 WL 3154317, at *3. In other words, prejudice is most evident in cases where the events at issue occurred years ago, and discovery has not proceeded. *See, e.g.*, *Williams*, 219 F.R.D. at 86 (finding that reopening case would prejudice defendant because the "events that shape[d] Plaintiff's claims of discrimination and harassment occurred more than six years" prior,

10

and there was no discovery to date); *Canini*, 2008 WL 818696, at \*4 (finding that "prejudice to defendant amounts to more than delay" since "[d]iscovery has not yet commenced in this action and four years after the incident at issue, it may be difficult to retrieve records and to locate individuals who have knowledge of the facts"). "Short delays generally do not prejudice the nonmoving party." *Green*, 2009 WL 3154317, at \*3. Indeed, the Second Circuit has observed that "it is difficult to imagine what possible undue prejudice might arise from a six-month delay . . . in comparison to the substantial injustice that the plaintiffs suffer through dismissal." *Foley v. United States*, 645 F.2d 155, 157 (2d Cir. 1981).

Defendants argue that they will suffer prejudice because the case was filed in January 2019, almost seven years ago, and the underlying events of the case occurred in 2017, eight years ago. (*See* Opp. at 7.) However, Defendants previously represented that discovery in this matter has been completed, (Doc. 77), which is a factor that weighs against finding prejudice to the nonmoving party. *See Pettiford v. City of Yonkers*, No. 14-CV-6271, 2018 WL 3364394, at \*4 (S.D.N.Y. July 10, 2018) ("the danger of prejudice to Defendants [was] not so great as to outweigh the injustice that Plaintiff would suffer through a dismissal," even where the alleged illegal searches underlying the matter occurred in 2012, because "discovery ha[d] already begun to take place"); *Green*, 2009 WL 3154317, at \*3 (finding no prejudice to nonmoving party where discovery was "well under way" and the delay would not "impact its ability to conduct discovery").

Nevertheless, the risk of "lost or forgotten" evidence and the risk that "potential witnesses leave defendant's employ or move away," does not completely end at discovery. *See Williams*, 219 F.R.D. at 86 (quoting *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997)). If this case were to advance to summary judgment or trial, locating witnesses

11

and collecting further evidence would likely be more difficult because the events of the case happened many years ago.

However, since the parties have completed discovery, I find that this *Pioneer* factor very slightly weighs in favor of granting Plaintiff relief under Rule 60(b)(1).

### c.  Length of Delay

Here, the length of the delay remains a neutral factor for the parties under Rule 60(b)(1). After Plaintiff did not communicate with the court for almost one year, I dismissed the instant action for failure to prosecute on April 24, 2025.  (Dismissal Order at 1–2.)  Plaintiff filed her motion to vacate approximately three months later, on July 17, 2025.  (Mot.)  While there is "nothing about the roughly [three]-month period between the [dismissal for failure to prosecute] and [Plaintiff's] current motion that would seriously impact the proceedings," *Suazo*, 2024 WL 967226, at *8,  Plaintiff did not communicate with the Court at all for more than a year even after I issued a warning order and then dismissed her case for failure to prosecute.  *Compare Canale v. Manco Power Sports, LLC*, No. 06-CV-6131, 2010 WL 2771871, at *3 (S.D.N.Y. July 13, 2010) (finding that plaintiffs "unreasonably [] delayed the progress of th[e] case . . . one year before the case was dismissed," and their "repeated failure to communicate with the Court and to proceed with discovery have impeded the judicial process and have complicated discovery"), *and Canini*, 2008 WL 818696, at **1, 4 (finding that a sixteen-month delay before dismissal followed by a one-year delay after dismissal was a "prolonged period" of time and weighed against a finding of excusable neglect), *with King v. City of New York*, No. 20-CV-8283, 2021 WL 1856840, at *2 (S.D.N.Y. Apr. 6, 2021) ("Although [plaintiff's] delay has unnecessarily prolonged this litigation by several months, that delay is not significant, and the case is still less than a year old."), *and Green*, 2009 WL 3154317, at *3 (finding that a three-month delay from

12

the date of the dismissal order before the plaintiff moved to vacate was only a "slight" delay, "unlikely to be any significant impact on judicial proceedings").  As discussed, Plaintiff also filed this case almost 7 years ago.  Therefore, I find that this *Pioneer* factor is neutral in considering whether to grant Plaintiff relief under Rule 60(b)(1).

### d.  Good Faith

With respect to the fourth *Pioneer* factor, this Court has found that repeatedly ignoring court orders and failing to diligently pursue an action can qualify as not acting in good faith and counsel in favor of denying relief.  *See Bautista*, 2025 WL 1224799, at *5; *see also Toriola v. FJC Sec. Servs. Inc.*, No. 13-CV-5142, 2017 WL 819483, at *6 (E.D.N.Y. Mar. 1, 2017) (finding that plaintiff did not prosecute her case in good faith because she "repeatedly failed to respond to Court orders, did not attend status conferences, and evaded phone calls from the Court regarding her case").

While Plaintiff did not "ignore[] repeated orders from the Court," *see Bautista*, 2025 WL 1224799, at *5, she also does not proffer sufficient evidence of her good faith efforts to move the case forward.  She did not communicate her intent to prosecute her case for more than one year, even after I issued a warning order and dismissed her case for failure to prosecute.  Furthermore, Plaintiff's claim that she had intermittent internet access while travelling to Greece for more than one year, (*see* Mot. at 1), is dubious when considering that she appears to work in Athens, a major metropolitan city with sufficient internet access for most of the population.  *See Individuals using the Internet (% of population)*, World Bank Group, https://perma.cc/VK2W-NLHD/.  Additionally, despite Plaintiff's knowledge that her travels hindered her abilities to prosecute her case, (*see* Doc. 80 at 1–2), she never updated this Court with a change of address or indicated alternative means to receive filing notifications.  Finally, Plaintiff does not supply

any evidence that court communications were sent to her spam folder.  (Mot. at 1–2.)  "Indeed, Plaintiff has provided no indication of a good faith effort on [her] part to prosecute this case." *Klein v. United Parcel Serv.*, No. 11-CV-2044, 2014 WL 4637493, at \*2 (S.D.N.Y. Sept. 17, 2014), *aff'd sub nom. Klein v. Smith*, 613 F. App'x 86 (2d Cir. 2015) (internal quotation marks omitted).  In light of these facts, I find that this *Pioneer* factor slightly favors Defendants in denying relief under Rule 60(b)(1).

Since three of the four *Pioneer* factors are either neutral or weigh in favor of Defendants, Plaintiff has failed to show that she is entitled to relief under Rule 60(b)(1).  Furthermore, the third *Pioneer* factor, the reason for the delay, is so significant that "even if the other three *Pioneer* factors weighed in favor of Plaintiff—which they do not—this factor alone would justify concluding that Plaintiff's neglect was inexcusable." *William v. City of New York*, No. 16-CV-5208, 2018 WL 11219952, at \*2 (S.D.N.Y. July 23, 2018), *aff'd*, 771 F. App'x 94 (2d Cir. 2019).  Since this Circuit has clarified that the preeminent factor is the reason for delay, *Watts-Devine*, 616 F. App'x at 11, and at least one of the other factors also weighs in favor of Defendants, Plaintiff has failed to show that she is entitled to relief under Rule 60(b)(1).

### 2.  Rule 60(b)(6)

Plaintiff's arguments for relief under Rule 60(b)(6) are also without merit.  First, she argues that "extraordinary circumstances prevented timely participation in the litigation" and that the "combination of international travel, technical difficulties, and lack of notice constitutes such extraordinary circumstances."  (Mot. at 2.)  Second, she argues that Defendant Hästens Beds "has been the subject of more federal discrimination lawsuits . . . establishing a clear pattern of discriminatory conduct that supports the extraordinary circumstances warranting relief under Rule 60(b)(6)."  (Reply at 1; Mot. at 2.)

14

With regard to her first argument, "the Second Circuit has held that [s]ubsections (b)(1) and (b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Abdullah v. Direct Model Mgmt., Inc.*, No. 15-CV-3100, 2018 WL 1750598, at *2 (S.D.N.Y. Apr. 11, 2018) (internal quotation marks omitted). "Because Plaintiff timely filed her motion on grounds of 'mistake, inadvertence, surprise, or excusable neglect' pursuant to Rule 60(b)(1), she is barred from seeking relief under subsection (b)(6)." *Williams*, 219 F.R.D. at 87.

In any event, Plaintiff's claims about her international travels cannot meet the substantive requirements for relief under Rule 60(b)(6). Her allegations that she had "intermittent internet access" while remotely working in Greece, (Mot. at 1), and that case updates "were delivered into [her] spam [inbox]," (Reply at 3), does not constitute "highly convincing evidence of extraordinary circumstances or extreme hardship" that might justify vacating the previous Dismissal Order for failure to prosecute. *Bautista*, 2025 WL 1224799, at *6 (holding that Plaintiff's claims that he had a visual disability, that "he was not in the country during certain times," and that he did not receive federal paperwork from Defendant did not satisfy the 60(b)(6) standards required to vacate his failure to prosecute dismissal order (internal quotation marks omitted)). Not only are these arguments not convincing evidence or extraordinary circumstances, but they are also attributable to Plaintiff's own actions. These factors were entirely within her control to mitigate, and she apparently did nothing to address the issues.

Plaintiff's second argument—that Defendants have been the subject of multiple federal discrimination lawsuits, showing extraordinary circumstances warranting relief under 60(b)(6)— also fails. (Reply at 1–3.) Plaintiff cites four lawsuits in this District against Hästens Beds filed between 2019 and 2024 to support her claim that there is a clear pattern of discriminatory

conduct.  (Reply at 1–2.)  However, as Plaintiff herself acknowledges, three of these four

lawsuits concern allegations under the Americans with Disabilities Act against Defendant

Hästens Beds, not employment discrimination cases like Plaintiff's case.  *Id.*  While the fourth

lawsuit filed on March 31, 2021 contains employment discrimination allegations, the parties in

that action voluntarily dismissed their claims, contravening Plaintiff's argument that evidence of

one employment case in this district shows "a clear pattern of discriminatory conduct" that

warrants extraordinary circumstances to vacate her prior Dismissal Order, (*id.* at 1).  *See Vega v.*

*Hastens Beds*, 21-CV-02732 (S.D.N.Y. March 31, 2021) (Doc. 125).  Plaintiff also argues that

this pattern of evidence "was not available during the original proceedings or discovery."  (Reply

at 2.)  However, every one of these lawsuits was filed well before her case was dismissed for

failure to prosecute on April 24, 2025.  (*Id.* at 1–2.)  Moreover, "[i]ntervening developments in

the law by themselves rarely constitute the extraordinary circumstances required for relief under

Rule 60(b)(6)."  *Agostini v. Felton*, 521 U.S. 203, 239, (1997).

  Accordingly, none of the grounds raised by the Plaintiff support a finding that my prior

Order should be vacated.[5]

## IV. **Conclusion**

  For the foregoing reasons, Plaintiff's motion to vacate the judgment is DENIED.  The

Clerk of Court is respectfully directed to terminate the pending gavel at Doc. 83.

SO ORDERED.

Dated:  December 10, 2025
    New York, New York

              Vernon S. Broderick
              United States District Judge

---

[5] I do not reach Defendants' argument that Plaintiff's motion to vacate is also untimely even under the one-year period outlined in Rule 60(c)(1), (Opp. at 9–10), because Plaintiff has failed to meet the substantive requirements for relief under 60(b)(1) and 60(b)(6) regardless.

16